**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**Raymond Otis Lloyd Dewitt**                                                                    **Plaintiff**

**No. 3:11CV00299 JTR**

**Carolyn W. Colvin, Acting Commissioner,**                                          **Defendant**
**Social Security Administration**

**ORDER OF DISMISSAL**

This order addresses the Commissioner's motion to dismiss.[1] In the motion, the Commissioner argued that plaintiff Raymond Otis Lloyd Dewitt filed this case too late and asked the Court to dismiss the case as time-barred.

Dewitt filed this case to seek judicial review of the decision denying an application for disability insurance benefits.[2] The law permits a disability-benefits claimant to seek judicial review of an unfavorable decision by filing a civil action within 60 days of the mailing of a final decision.[3] Under the Commissioner's regulations, a decision is "mailed" for the purpose of the 60-day filing requirement on

---

[1] Docket entry # 6.

[2] Docket entry # 1 (seeking to proceed without paying costs).

[3] 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.").

the date the claimant receives notice that the Appeals Council denied a request for review.[4] A person is presumed to have received notice five days after the notice is mailed.[5] If a claimant files his civil case outside the 60-day filing period in the absence of tolling, the case is time-barred.[6]

The decision challenged in this case became final on November 10, 2010, when the Commissioner's Appeals Council denied Dewitt's request for review.[7] The Commissioner attested that the notice was mailed to Dewitt and his attorney on November 10, 2010.[8] The notice advised Dewitt about the need to file a civil case within 60 days.

Under the applicable legal principles, Dewitt had to commence this action by

---

[4]20 C.F.R. § 422.2110(c) ("[T]he date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.").

[5]20 C.F.R. § 404.901 ("*Date you receive notice* means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period.") & § 422.210(c) ("a civil action under section 205(g) of the Act must be commenced within 60 days after the date the individual receives notice.").

[6]*Bowen v. City of New York*, 476 U.S. 467, 478 (1986) (60-day filing requirement acts as a statute of limitations). *See Caran v. Bowen*, 834 F.2d 720, 721 (8th Cir. 1987) ("[T]imely filing requirement is not jurisdictional but rather is a statute of limitations and as such will bar suit unless it is tolled.").

[7]Docket entry # 6, attach. 1, ex. 2 (notice of appeals council action).

[8]*Id.* at attach. 1, p. 3, ¶ (3)(a) (Donald V. Ortiz's affidavit).

January 14, 2011 to be timely.  Dewitt initiated the case on December 30, 2011 — 350 days after the 60-day filing period.

Dewitt though maintains he did not receive the Appeals Council's notice until December 12, 2011 after his attorney asked the Commissioner about the status of his case.[9]  Dewitt relies on that date to rebut the presumption that he received the notice five days after November 10, 2010.  If rebutted, Dewitt had until February 15, 2012 to file a civil action.  The problem with Dewitt's argument is that the presumption is an agency presumption, not a judicial presumption.

To rebut the presumption, a clamant must make "a reasonable showing to the contrary"[10] before the Commissioner, not before the Court.  If a claimant makes a reasonable showing to the contrary, the Commissioner may extend the time for filing a civil action.[11]  The Court has no authority to extend the time to file a civil action.[12]

---

[9] Docket entry # 7, p. 2, ¶ 3.

[10] 20 C.F.R. § 422.210(c) ("For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.").

[11] 20 C.F.R. § 422.210(c) (providing for an extension of 60-day period "upon a showing of good cause").

[12] 42 U.S.C. § 405(g) (providing for a civil action "within sixty days after the mailing to him of notice of such decision *or within such further time as the Commissioner of Social Security may allow*") (italics added); *Matsibekker v. Heckler*, 738 F.2d 79, 81-82 (2d Cir. 1984) (explaining "that 42 U.S.C. § 405(g)

Dewitt did not make a reasonable showing before the Commissioner or seek an extension of time.[13] Thus, the Commissioner did not extend Dewitt's time for filing a civil case. The filing deadline remained January 14, 2011. Because the case was filed outside of that date, this case is time-barred. For this reason, the Court GRANTS the Commissioner's motion (docket entry # 6) and DISMISSES this case as untimely.

Dated this 23rd day of April, 2014.

                                                          _____
                                                          United States Magistrate Judge

---

and 20 C.F.R. § 422.210(c) vest exclusive power in the Secretary to grant extensions for good cause and that the district courts have no such authority to extend the time period beyond sixty days").

[13] Docket entry # 6, attach. 1, p. 3 (attesting that the declarant "is not aware of any request for an extension of time to file a civil action").